# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin Hollie Jr. | CV 11-0810-TUC-FRZ (JR) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Marvin Hollie Jr.'s Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

I.     **BACKGROUND**

On January 24, 1978, the State of Arizona charged Hollie with theft of a motor vehicle, two counts of kidnapping for rape, and three counts of armed rape. In exchange for the dismissal of all other charges, Hollie pled guilty to two counts of armed rape. *Answer*, Ex. C, p  The trial court sentenced Hollie to concurrent terms of between 15 and 40 years' imprisonment. *Id.*, Ex. D.

On April 16, 2010, years after Hollie's release from prison the armed rape conviction, the State charged Hollie, who was registered as a sex offender, with failure to give notice of his change of address. *Id*., Ex. E. On June 10, 2010, Hollie pled guilty to the charge. *Id*., Ex. F. On July 8, 2010, the trial court sentenced Hollie to a partially mitigated sentence of two years' imprisonment. *Id*., Ex. G.

Foregoing review by the Arizona Court of Appeals, Hollie sought review of the trial court's decision by the Arizona Supreme Court. *Id*., Ex. J. By Order filed on September 8, 2011, the Supreme Court dismissed Hollie's case, finding the pleading untimely and procedurally improper because Hollie had not sought review by the Arizona Court of Appeals. *Id*., Ex. O.

Hollie commenced the current case on May 18, 2009 (Doc. 1). After it was dismissed without prejudice, Hollie filed an amended petition on March 19, 2010, raising two claims of ineffective assistance of counsel at sentencing (Doc. 9).

## II. LEGAL DISCUSSION

### A. The Petition is moot.

In their Answer, the Respondents suggest that the Petition is moot because Hollie has been released from prison and therefore is not "in custody" for purposes of 28 U.S.C. § 2254. The Court agrees and therefore recommends that this case be dismissed for lack of subject matter jurisdiction.

Hollie bears the burden of establishing subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Under 28 U.S.C. § 2254, subject matter jurisdiction exists only where the petitioner is "in custody." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001). Custody is typically satisfied by the petitioner's confinement, but it may also be satisfied through other significant restraints on liberty such a parole restrictions. *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963); *Dow v. Circuit Court of the First Circuit,* 995 F.2d 922, 923 (9th Cir. 1993). However, a petitioner "who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction. *De Long v. Hennessy*, 912 F.2d 1144, 1146 (9th Cri. 1990). Standing alone, the collateral consequences of a conviction are not sufficient to render an individual "in custody" for habeas purposes. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Here, Hollie has already been released and has completed his period of supervision. The only potential restriction on liberty that comes to mind is Hollie's

status as a sex offender and the requirement that he register as such. However, the Ninth Circuit has held that sex offender registration requirements do not satisfy the "in custody" requirement of section 2254(a) because registration requirements are "more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (finding that Washington sexual offender registration laws do not render petitioner "in custody"). Thus, because Hollie is not "in custody," an order from this Court granting him relief could not possibly affect the fact or length of his confinement and the Court therefore is without subject matter jurisdiction to address the petition. *See Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002).

### B. The Petition is untimely.

Additionally, the petition is barred by the applicable AEDPA statute of limitations. The AEDPA contains a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. 28 U.S.C. § 2244(d)(1); *see Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). Typically, the limitations period begins to run on the date upon which the judgment became final, either after the direct appeal or after the time for seeking an appeal has expired. 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennet*, 531 U.S. 4, 8 (2000). Because Hollie pled guilty, his post-conviction proceedings are the

4

1  "functional equivalent" of direct review. *Summers v. Schriro*, 481 F.3d 710, 715-17
2  (9th Cir. 2007). A post-conviction petition that is dismissed as untimely is not
3  considered "properly filed," and the limitations period is not suspended during its
4  pendency in the state courts. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005).

5      In this case, Hollie's petition for post-conviction relief did not serve to toll the
6  limitations period. Both the trial court and the Arizona Supreme Court summarily
7  dismissed the petition because it was untimely and did not meet state procedural
8  rules. *Answer*, Exs. I and K. Accordingly, it was not "properly filed." Without
9  tolling, the limitations period began to run 90 days after Hollie was sentenced, when
10 the time for seeking post-conviction relief expired. Ariz.R.Crim.P. 32.4(a) (post-
11 conviction proceedings must be initiated within 90 days of the judgment and
12 sentence); *Summers*, 481 F.3d at 715-17. Hollie was sentenced on July 8, 2010,
13 *Answer*, Ex. G, and the time for seeking post-conviction relief expired 90 days later,
14 on October 6, 2010. 28 U.S.C. § 2244(d)(1). The instant petition was filed on
15 December 16, 2011, and is therefore untimely unless equitable tolling applies.

16     The United States Supreme Court has determined that "§ 2244(d) is subject to
17 equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560
18 (2010). However, it is available only when "extraordinary circumstances beyond a
19 prisoner's control make it impossible to file a petition on time" and "the
20 extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*,
21 351 F.3d 919, 922 (9th Cir. 2003). "Indeed, 'the threshold necessary to trigger
22 equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v.*

1  *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212
2  F.3d 1005, 1010 (7th Cir. 2000)).

3  Hollie did not reply to the Respondents' Answer.  Thus, he has not offered any
4  reason for his failure to timely file the petition.  Additionally, in reviewing the
5  record, the Court finds no extraordinary circumstances that potentially could justify
6  Hollie's inaction. Thus, the Court finds no basis for equitable tolling.

7  **III.    RECOMMENDATION**

8  For the foregoing reasons, the Magistrate Judge **recommends** that the District
9  Court, after its independent review, **dismiss with prejudice** Petitioner's Petition for
10 Writ of Habeas Corpus (Doc. 1).

11 Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and
12 file written objections within 14 days of being served with a copy of this Report and
13 Recommendation.  If objections are not timely filed, they may be deemed waived.
14 The parties are advised that any objections filed are to be identified with the
15 following case number:  **CV-11-0810-TUC-FRZ**.

16 Dated this 11th day of February, 2013.

*Jacqueline M. Rateau*
Jacqueline M. Rateau
United States Magistrate Judge